'properly have instructed them, as prayed, that the. plain- tiff was entitled to recover.

1823.

Berry
vs
Thompson

JUDGMENT AFFIRMED.

BERRY vs. THOMPSON. JUNE.

APPEAL from *Prince-George's* county court. *Assumpsit.* The declaration contained two counts, one for sundry matters and articles properly chargeable in an account, $5818 40, and the other on an *insimul computassent.* The defendant pleaded non assumpsit and a set off. Issues joined.

1. At the trial the plaintiff (now appellee,) offered in evidence, that before the commencement of this suit, he had built a house for the defendant, on a farm of the defendant's; that when the house was first agreed to be built, an estimate was made out by *Nicholas Hedges,* (a competent witness in this case,) of the work then intended to be done, and which paper was finally, and before-the work was commenced, signed by the defendant, and witnessed by his son *Benjamin Berry,* junr. for whose use and benefit said house and farm was intended by his father, the defendant, and who has since lived in the house, but has no deed for the land; the paper, so signed and witnessed, was read in evidence to the jury, the estimate amounted to $2315 88. The plaintiff further proved, that work was done on the house to the amount of the estimate, and also extra work not mentioned in the estimate, amounting to upwards of $600. The estimate does not include the foundation or foundation walls for the house, nor for any of the extra work charged. There was on the farm an old house which had a foundation, and the plan signed by the defendant, and first agreed on, and which was given in evidence, was such an one as witness believed, from its dimensions, was suited for that foundation, but that the house really erected, was put up, not on the foundation of the old house, but on a different situation, and was made of different and larger dimensions than the said plan. Some of these differences, to wit, the second story of the kitchen and the slate roof, were mentioned and proposed as advantageous alterations of the original to the defendant, and agreed to by him on the terms proposed, to wit, that the slate roof should be charged at $100 more than the one first agreed on, and the second

On the defendant's prayer to direct the jury that if they believed that there was an express contract between the plaintiff and defendant for building a house by which the defendant was to pay a specified sum of money, then the jury could not imply a new contract, which was to destroy the original, or to be made the foundation of the plaintiff's claim— The county court refused to give the direction; but directed the jury, that if they found from the evidence that *any* alterations or additions to the original plan of the building were made with the knowledge of the defendant, for which he paid, that then they might find from that fact that the original contract was rescinded; and that if it was so rescinded, the plaintiff was entitled to recover for the other additions or alterations in the building, which were made with the knowledge of the defendant, and not objected to by him at the time. On appeal, *reversed.*

1823.

Berry
vs
Thompson

story of the kitchen at $60 or $70 more. Besides the said work on said dwelling-house and kitchen, there was put on the premises, piazzas to said house, and the usual and necessary out-houses, and a large yard and garden pailed in, the amount of which work was $2684, and that said work was done by the plaintiff; during the time the house was building, the defendant was frequently there examining the progress of the work, and expressed no dissatisfaction with it. During the continuance of the said last mentioned work, when some of it was done, and when workmen were putting up the pailings, the defendant came and inquired of one of the workmen by whose directions they were putting up the pailings, and being told that Mrs. Berry, (his said son's wife,) had directed it, he replied that he had not directed it, and said no more about the pailings, or about any of the other work. All the timber for the said last mentioned work in the out-houses, piazzas and pailings, was got from the defendant's land; and two of his negroes were hired to the plaintiff, and employed by him in cutting and sawing the timber, and preparing the work; corn was furnished to the plaintiff, and his hands, out of the defendant's corn-house, and by his order, as long as the corn lasted. The plaintiff also proved, that the out buildings, and other work as aforesaid, were done in a plain and reasonable manner, and were necessary for a comfortable residence; and that the valuation and measurement of the work were made by the witnesses, N. Hedges and Harbough, (who were sworn in the cause,) in the presence of the plaintiff, and of his son, the said B. Berry, jr. who resided with his father in the neighbourhood, until the said building was completed, and who was often present also at other times when the said building was going on, and who appeared to be attending to the said measurement and valuation, and made no objections to it. The defendant then proved, that the farm on which the buildings were erected, was intended for his eldest son, and the dwelling-house for his residence; that the plaintiff acknowledged to a witness, sworn in the cause, that the defendant had agreed, at the time of the contract to build the house, to pay for the said dwelling-house $2000, and refused to pay more; that the wife of the defendant's son then agreed that he should receive $300 additional, and plaintiff in consequence agreed to undertake the work. The defendant also

proved, that his son resided on said place, and was residing there while the plaintiff was making some of the improvements charged in the valuation aforesaid; and proved by the son, that he had given no directions about the said extra work, and knew nothing about it; that he believed it was done through his wife. He further proved, that while a person in employ of defendant, was putting up the pails, the defendant came to the place, and inquired of said person by whose direction the same was done, and was told, by the direction of the wife of the defendant's son, the defendant thereupon remarked, that he had not directed them. He also proved, that the plaintiff acknowledged that the defendant agreed, when the contract was first made, to give him for building the dwelling-house $2000, and the wife of his son agreed to give him in addition thereto $300, and that he could not prevail on defendant to give more. And that the plaintiff, in speaking of the agreement afterwards entered into to substitute a roof of slate in place of shingles, and another alteration about the kitchen, said the defendant was to give him $100 more for the slate roof, and $60 or $70 for the second story of the kitchen. The defendant then prayed the court to instruct the jury, that if they were of opinion from the evidence, that by the original agreement between the parties the defendant was to pay the plaintiff $2000, and by a subsequent agreement $100 and $60 or $70 for the alteration agreed to be made in the original plan, then the plaintiff is not entitled to claim of the defendant more than the sum agreed upon, unless the said agreement was subsequently altered, so as to make the defendant liable. Which instruction the court [*Stephen*, Ch. J. *Key* and *Plater*, A. J. gave to the jury.] The plaintiff excepted.

2. The defendant also, upon the aforegoing statement, prayed the court to instruct the jury, that if they believed the testimony, and that there was an express contract between the plaintiff and defendant, by which the defendant was to pay a certain specified sum of money, then the jury cannot imply a new contract between them, which is to destroy the original contract, or to be made the foundation of the plaintiff's claim. But the court were of opinion, and so instructed the jury, that if they find from the evidence that any alterations or additions to the original plan of the building were made with the knowledge of the defendant, for which he paid, that then the jury might find

Berry
vs
Thompson

1828.

from that fact that the original contract between the parties was rescinded; and if it was so rescinded, that the plaintiff is entitled to recover compensation for the other additions or alterations in the said building which were made with the knowledge of the defendant, and not objected to by him at the time. The defendant excepted; verdict and judgment for the plaintiff, and the defendant appealed to this court.

The cause was argued before BUCHANAN, EARLE, MARTIN, and DORSEY, J.

*Magruder* and *J. Johnson, jr.* for the appellant, stated, that the questions in this case arose on the second bill of exceptions, being that which was taken by the defendant below; and they contended, 1. That there was no proof of any subsequent contract between the plaintiff and defendant, and no circumstance whence to infer a new contract, by which the defendant was bound to pay more than the sum originally agreed upon, and the additional sum for the slate roof, and 60 or $70 for the second story to the kitchen.

2. That proof that alterations or additions were made with the knowledge of the defendant, did not authorise the jury to find that the original contract was rescinded.

3. The court erred in instructing the jury, that if the original contract was rescinded, the plaintiff was entitled to recover of the defendant compensation for the alterations in or additions to the building, because made with the knowledge of the defendant, and not objected to by him.

They contended, that where there was an express contract, the party could not resort to an implied one. For which they referred to *Toussaint vs. Martinnat*, 2 *T. R.* 105. *Martin vs. Court, Ibid* 640. *Gale vs. Reed,* 8 *East,* 80, 85. *Weaver vs. Boroughs,* 1 *Stra.* 648. 3 *Chitty's Plead.* 132, *(note a,)* and *Peake's Evid.* 103. The evidence of work and labour was offered in evidence in support of the first count in the declaration. This was a variance which has not been cured by the verdict. 1 *Chitty's Plead.* 401, 402. *Speake vs. Sheppard, (ante* 81;) and 2 *Phill. Evid.* 83.

*F. S. Key,* for the Appellee.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.